ILLINOIS CENTRAL RAILROAD COMPANY *v.* ROBERT J. BROWN.

1. RAILROADS. *Contributory negligence. Wilful wrong.*

The contributory negligence of a drover in riding on the top of the caboose of a cattle train will not relieve the railroad company for injuries received by him in a collision caused by the gross and wilful misconduct of its employes in charge of the train.

2. SAME. *Mere negligence.*

The contributory negligence of the plaintiff is a defense to a suit for injuries resulting from the mere negligence of the defendant, as distinguished from gross and wilful misconduct.

FROM the circuit court, second district, of Carroll county.

HON. W. F. STEVENS, Judge.

Brown, the appellant, was the plaintiff in the court below; the railroad company was defendant there.

The questions discussed in the opinion arose upon the action of the court below upon the instructions asked by the parties litigant, which conformed to the view expressed in the opinion. The facts showing the contributory negligence of the plaintiff and the misconduct of defendant's servants sufficiently appear in the opinion. Plaintiff recovered $4,000, and defendant's motion for new trial having been overruled, the present appeal was prosecuted.

*Mayes & Harris,* for appellee.

The train in question was a freight train, and the railroad company would only be liable, in any event, whether the plain-

tiff was guilty of contributory negligence or not, for injuries arising from gross negligence. Section 3557 of the code of 1892; *Perkins* v. *Chicago, etc., Railroad Co.,* 60 Miss., 726.

There may have been negligence, but it was not gross negligence. In fact, under the ruling of this court, in the case of *Pulliam* v. *Illinois, etc., Railroad Co.,* 75 Miss., 627, this court held there were no degrees of negligence in this state. If this ruling of the court is correct, then the words "gross negligence," as used in the statute, mean something more than negligence. In other words, it must mean recklessness and wantonness within the meaning of the ruling of the court in the case of *Pulliam* v. *Illinois, etc., Railroad Co.,* supra.

The court has very positively announced in that case that no degrees of negligence were recognized in this state. So when the codifiers used the term "gross negligence," they must be taken to have meant something else than negligence. The conduct must be characterized by circumstances amounting to wilfulness and reckless disregard of the rights of the party injured. And we respectfully submit that this case is not characterized by anything of that sort—that is, addressing ourselves to the occurrence at West, the rolling back of the train.

There may have been negligence. There may have been carelessness, but, in the light of the rule as laid down by this court, it would take more than that to render the company liable to the plaintiff, although the plaintiff might himself have been absolutely free from any imputation of negligence himself. *Perkins* v. *Chicago, etc., Railroad Co.,* supra.

We ask the court to carefully consider the testimony of Cain and the testimony of the defendant's witnesses in reference to what occurred at West Station, and the court must hold that what did occur there could not be characterized as wilfulness or recklessness or gross negligence.

The facts show that the plaintiff was riding in an obviously dangerous place, voluntarily, and not only that, but with full knowledge that he was violating a rule of the company set forth

in the contract under which he was being transported, which he said he knew by heart—a rule which was intended for his protection.

It is a general rule, well established, that it is contributory negligence to sit or stand in any place obviously not intended for the use of passengers. 22 Barb., 91; 34 Iowa, 284; 79 Virginia, 241; 99 Pa. State, 492; 61 Texas, 499; 107 Missouri, 653; 40 Arkansas, 298; 84 Maine, 203.

It is also definitely settled that where a passenger knows that the rule of the company is violated by him in riding in a dangerous place—say on the platform—he cannot recover for injuries sustained thereby. 20 Iowa, 338; 70 Indiana, 474; 32 Barb., 92; 55 Kansas, 288; 28 W. Va., 732; *Pa. R. R. Co.* v. *Langdon,* 92 Pa. St., 21.

In *Railroad Co.* v. *Landsey,* 42 Kansas, 714, it was held that where a shipper of stock got on top of a car at the direction of the conductor, he could not recover for an injury caused by a sudden jerk which was given without any signal. 41 Missouri Appeals, 432.

As above stated, the court must bear in mind the distinction between this case and those cases where a party is acting in ignorance of the rules of the company under the direction of the agent of the company. 4 Elliot on Railroads, 3554, and authorities cited.

As to the rule where a party is acting in violation of known rules of the company, see 72 Alabama, 112; 93 Alabama, 356; 51 Ills., 495; 95 United States, 439; 38 Georgia, 409; 92 Pa. State, 21; 28 West Virginia, 732; 137 Pa. State, 352; 22 Missouri Appeals, 60; 66 Maryland, 70; 26 Ohio State, 580; 30 Florida, 1; 88 N. Carolina, 536.

If a person takes an exposed position on a train not designed for the use of passengers, he himself incurs the special risk of the position whether he takes it by license, noninterference, or even express permission of the conductor. 149 Massachusetts, 204; 1 Bliss (U. S.), 503; 40 Ark., 297; 30 Md., 242; 61 Texas, 499; 45 Arkansas, 256.

*Hill & Sisson.* for appellee.

Under the facts of this case, at the conclusion of the evidence for plaintiff, and at the conclusion of the evidence in this case, appellant was not entitled, we submit, to either an exclusion of plaintiff's testimony or a peremptory instruction. In many cases decided by this court it has been held that the question of contributory negligence should be left to the jury, unless it is "overwhelming and uncontroverted." 44 Miss., 487; 70 Miss., 730; 51 Miss., 244; 67 Miss., 601; 68 Miss., 359; 68 Miss., 566; 69 Miss., 22; 71 Miss., 402; 70 Miss., 14; 73 Miss., 203.

We insist that Brown made every effort to take passage inside the caboose—"a shipper's place"—and if the conductor had done his duty at Durant, Brown would have been on the inside, although that might have been a fatal place when the collision occurred.

If we concede that appellee was improperly on the top of the car, still he is not guilty of contributory negligence; that did not cause the collision, and the negligence or fault of the plaintiff remotely connected with the injury, will not defeat his recovery, if at the time the injury was done it might have been avoided by the exercise of reasonable care, prudence and skill on the part of the defendant. 31 Miss., 193; 51 Miss., 244; 74 Miss., 334.

Although Brown may have gotten on the caboose in violation of the directions of the conductor and the entire crew, yet, so far as this accident at West is concerned, he would have been perfectly safe there if the servants of the appellant had exercised "reasonable care, prudence and skill." Shearman & Redfield on Negligence (2d ed.), sec. 32; 7 Am. & Eng. Enc. L. (2d ed.), 371-375, 384.

Brown was traveling on a drover's pass, which made him a passenger for hire. So all of the authorities, we believe, hold. He was received aboard this freight train as a passenger for hire, and it was part of the contract between him and appellant

that he was to ride on this freight train or some other, the one at least that transported his stock. Such being the conditions appellant owed him a higher duty than it would owe a mere trespasser, and the contention that Brown cannot recover unless appellant's servants were guilty of recklessness, wantonness, wilfullness, etc., cannot, we submit, be sound. The evidence shows, however, that the misconduct of defendant's servants was of this grave character.

Their failure to "set" a single brake when the train was on the incline, and before the engine was detached, certainly smacks of 'recklessness, especially when another train was pulling in on the same line just south of this train. It is contended that appellant's servants did all they could to avoid the danger after they discovered it, and began at once to set brakes, and did set a number. We think they were too late; this work should have been done before the engine was detached. It was like "locking the stable after the horse was gone."

Argued orally by *J. B. Harris,* for appellant, and by *W. S. Hill,* for appellee.

WOODS, C. J., delivered the opinion of the court.

It is altogether certain that the appellee, at the time of receiving his injuries, was where he should not have been, and where his own evidence clearly shows he knew that he should not have been. His proper place was inside of the caboose, as he well knew, and he was guilty of contributory negligence in the act of which he complains, and this would and should usually bar his recovery.

In the present case, however, the evidence discloses such gross negligence on the part of the servants of the appellant as to render the contributory negligence of appellee unavailing to prevent a recovery. That the method of handling the car on which the appellant was improperly riding, as a part of the segment of the train of cars detached from the engine and for-

ward cars in the train, was so obviously dangerous as to justify its characterization as grossly negligent, wilful, reckless negligence.

That a number of cars set out on a switch track having a down grade, without brakes applied, or any other means adopted to prevent their rolling down the incline, would necessarily roll down and come in collision with a train moving down, also, on the main line in the direction which the set-out cars were bound to take, was palpable to the dullest comprehension. That the train on the main line moving south and the detached and unsecured cars on the switch track with a down grade south must come together, was apparent to anyone, and only gross negligence—recklessness or wilful blindness to the peril—would have invited the inevitable catastrophe.

Contributory negligence must continue to defeat a recovery where the railroad has been guilty of mere negligence; but where, as in this case, the negligence of the railroad's servants is marked by gross or wilful or reckless misconduct, the contributory negligence of the complaining party should not be permitted to shield the railroad from liability for such misconduct.

*Affirmed.*