YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* TABB BLOCK.

RAILROADS.    *Constitution* 1890, *sec.* 193.    *Personal injuries.    Collision.    Jumping from engine.    Contributory negligence.*

Under Constitution 1890, sec. 193, modifying the common-law fellow-servant rule, a railroad company cannot escape liability to a fireman for personal injuries received in jumping from an engine, to escape an impending collision, on the ground that he was guilty of contributory negligence in failing to keep a proper lookout or to read an order placed on the bulletin board, as required by the rules of the company, or in jumping from his engine, where the collision was caused by the gross negligence, reckless omission of duty, and wanton and criminal disregard of the safety of persons on the fireman's train by a switchman of another train.

FROM the circuit court of Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

Block, the appellee, was plaintiff, and the railroad company, the appellant, defendant in the court below. From a judg-

ment in plaintiff's favor the defendant appealed to the supreme court.

The plaintiff was a fireman on an engine pulling a passenger train. This train was running into the town of Cleveland at the rate of twenty or twenty-five miles an hour, and as it was going into the town it ran into an open switch and collided with a freight train. Just before the collision, plaintiff saw the danger, and jumped off the train, and received injuries. He sued the railroad company to recover damages for the injuries sustained. At the conclusion of the evidence the court gave a peremptory instruction for the plaintiff, leaving to the jury only the amount of damages to be awarded. There were verdict and judgment for plaintiff for $2,000. Defendant's motion for a new trial was overruled. The opinion of the court contains a further statement of the facts.

*Mayes & Longstreet,* and *C. N. Burch,* for appellant.

In this case the company was at least entitled to have the matter submitted to the jury on two questions:

First—Whether the fireman, plaintiff herein, was not guilty of contributory negligence in violating the positive rules of the company; and,

Secondly—Whether he was not guilty of contributory negligence in failing to discharge his duties in keeping a lookout as he should have done.

POINT ONE.—As to his negligence in failing to observe the company's rules:

It was, by express rules of the company, made the business of the fireman to report for duty thirty minutes before the train left; to examine the bulletins and familiarize himself with the contents of the same, and with the methods of operating the train generally; to see that the train orders were observed, and remind the engineers in the event that they were not; and to keep a lookout and generally warn the engineer and remind him about the operation of the engine.

Now, this fireman, the plaintiff, admitted that he did not observe these rules in regard to the bulletin.

The run of this train was from Cleveland to Greenville and back again in the same day. The conductor of the train was examined as a witness and proved that, in the morning, when the train left Clarksdale, the bulletin was up, and he saw it. It contained an order to all trains to reduce speed to ten miles per hour through the south end of the yards at Cleveland.

Now, the record in this case shows, without controversy, that, at the time the accident occurred, this train was running somewhere between fifteen and twenty-five miles an hour; the plaintiff himself puts it "fifteen or twenty miles, maybe faster." Other witnesses put it from twenty to twenty-five miles.

POINT TWO.—Another proposition which should have been submitted to the jury, and a distinct one entirely, was the contributory negligence of the plaintiff in failing to keep a proper lookout. This court has settled, as a general leading proposition, that it is the duty of the engineer and the fireman to keep a lookout in running by or into stopping places, and if they fail to do so, the company is liable to third parties who shall be injured thereby. *Yazoo, etc., R. R. Co.* v. *Mitchell,* 83 Miss., 179.

POINT THREE.—A third point is that the plaintiff in this case shows by his testimony that the accident occurred about sunset; that the engine on the side track with which the collision occurred was about two hundred feet north of, and away from, the open switch. He testifies that the first notice which he had of any approaching danger was the fact that the engineer put on the emergency brake; but it was proven by the witness Everett, who was on the train, and was a railroad man, that no air whatever was applied before the wreck.

Here was a direct conflict on this question, which would have gone to the credibility of the plaintiff's testimony; but, not-

withstanding the fact, the court gave a peremptory instruction for the plaintiff. The case should have been allowed to go before the jury to say whether they were willing to take this plaintiff's story as he told it or not, in view of this conflict and other conflicts in the evidence. It was a conflict on a material point as to the very matter which first attracted his attention to the impending danger and caused him to jump and the time when he did the jumping.

The court will remember that this man was hurt by his jumping, and not by the collision.

POINT FOUR.—Plaintiff also testified, by way of excusing himself for his failure to see these danger signals, that although the switch signal working automatically would have shown red when the switch was open, his view of that signal was obscured because of the fact that the switches were in line, and there was an intervening switch signal which would obstruct his vision. That is what his testimony means.

Now, it was shown that these red lights could be seen three hundred yards; and it was shown that this light was burning red at the time of the accident.

The plaintiff was contradicted on the proposition that these two lights were in line, so that the lower light burning white would obstruct his vision had the upper light at the misplaced switch been burning red. And on this proposition the case should have been allowed to go to the jury, but was not.

*Sillers & Owen,* and *Alexander & Alexander,* for appellee.

Plaintiff made out a perfect case of liability. The collision had occurred through the fault of the railroad company's agents, and through no fault of his. If the cause was the engineer's excessive rate of speed and carelessness, then he should recover because of the relation shown between the two, engineer and fireman. It was not his duty to watch out for signals, except "when his other duties did not prevent." His other duties did prevent. Whether the engineer could or

should have seen the signal switch and the danger would be most material in case of a suit by the representative of the engineer against the company for damages, but not as concerned the fireman. That the engineer could be charged with fault, and, in fact, even in aid of plaintiff's case here, is shown more plainly by reason of the fact that he violated the company's speed bulletin. If, on the other hand, the cause of injury was the open switch, then certainly the injury was also without fault on the part of the plaintiff, because it was, first of all, an act of negligence beyond the control of plaintiff; and, secondly, it was not the duty of plaintiff to be on the lookout for such dangers, but the duty either of the yard department or the engineer, which latter was the plaintiff's superior officer.

The fireman in this case, Tabb Block, was not a fellow-servant of the engineer, McLain. He was under the orders of the engineer. He had a right to rely on the engineer as an employe under a superior officer. The claim cannot be legitimately made that he should have been on the lookout to notify the engineer in regard to possible danger down the track. His duty was to attend to the firing of the engine, as his name implies. It is senseless to claim that the negro fireman ought to have remonstrated with or objected to the action of the white engineer as to the way the engine was run. We cannot believe that it will be seriously claimed by counsel for appellant that the fireman should have warned the engineer, as was set up or made an inference in the notice under the general issue. How could the fireman give warning when he himself knew nothing of the danger? The plaintiff says that he did not have time to say anything to Mr. McLain before the accident, and that McLain saw the danger before he did. It is held in *Missouri, Kansas & Texas R. R. Co.* v. *Fowler* (decided by the supreme court of Kansas, in January, 1900) that "a locomotive fireman, whose duty under the rules of the com-

pany is to assist in the management of the engine, in conformity to other of its rules, one of which is that speed be slackened and the engine brought under control in approaching stations, but who merely fails to remonstrate with the engineer against his violation as to speed, cannot be said to be negligent because of such failure, when he is in no position of authority over the engineer, but when the latter is primarily charged with the duty of managing the engine, and is fully conscious of what he is doing, and possesses as full knowledge of the situation and its probable dangers as the fireman has or can acquire or impart. Nor is it negligence in the fireman to fail to report to the engineer the absence of a safety signal, when the latter can and does observe its absence as well as the former. In the order of casual connection or natural sequence, the failure of the fireman to remonstrate with the engineer, or to report to him the lack of the signal, are not producing causes of the latter's negligence and of a consequently occurring accident." This case is reported in 7 Am. Neg. Reps., 248. In *Cleveland, C., C. & St. L. R. R. Co.* v. *Bergechicker,* 69 N. E., 1000, decided in Indiana in 1904, it was held that under Burns' Revised Statute 1901, sec. 7083, sub. d, declaring "a railroad liable for the injury to an employe caused by the negligence of a servant having charge of a locomotive engine, a railroad is liable for injuries to a fireman while his engine, in charge of the engineer, was taking on coal, although the fireman was authorized to indicate to the engineer where to stop the locomotive, when the injury was caused by the engineer's subsequent negligence in permitting the locomotive to move." We think, however, that there is no necessity for any argument on the relationship of a fireman to an engineer since the decision of this court in the Cheaves case. To the same effect, that the locomotive fireman may recover from the master for an injury caused by the negligence of the engineer, are cited the decisions in *Ragsdale* v. *R. R. Co.,* 42 Fed. Rep.,

383; *N. J. & N. Y. R. R. Co.* v. *Young,* 1 C. C. A., 428 (1 U. S. App., 96; 49 Fed. Rep., 723); *Penn. Co.* v. *Hickley,* 20 Ohio Cir. Ct. Rec., 668; *Houston & T. C. R. R. Co.* v. *Stewart* (Tex. Civ. App.), 48 S. W., 799. In the Cheaves case (82 Miss., 48), Chief Justice Whitfield quotes the rule: "When with the engine they (meaning the firemen) must obey the orders of the engineman." By reference to the rules shown of record in this case it will be seen that the same rule governed Block. There is no negligence on the part of the fireman. Hence the liability of the company under the circumstances is unquestioned.

Moreover, the plaintiff, as above mentioned, had a further legal ground of recovery because of the great negligence of the yard force in leaving the switch open. For a brakeman or yard employe, knowing that a passenger train, running on schedule time, will soon come along a track, to fail to close a switch which he himself has just opened, is the grossest kind of negligence. Even the engineer, McLain, with all the responsibility placed on him and with the duty to look out for signals, should have had a right to recover under the circumstances. But as regards the fireman in this case, by virtue of his inferior position, his right to recover is unquestioned. The question, "What is the proximate cause?" when asked in regard to this terrible accident, must be answered by the statement that it was the open switch. Even if the engine was running at a rate exceeding that allowed by the schedule, there would have been no injury of any kind had the switch not been open. The inquiry as to the amount of space within which the engine could have stopped is not pertinent. Whether the switch lights were so placed that the engineer could not see them is immaterial. But for the failure to close the switch opening into the side track, the collision would not have taken place, even if the engineer be claimed to have not been on the watchout. The brakeman was notified by one of the witnesses,

before the passenger train came into the yards, that he had better close the switch. Such negligence is certainly criminal.

The point discussed by appellant's brief is whether plaintiff was guilty of contributory negligence in failing to discharge his duties and keeping a lookout. But the evidence shows that he was in the proper discharge of his duties. None of the rules quoted was being disregarded by him. The rule as to the bulletin was for the engineer. While the train should be run by the bulletin, the conductor and engineer, and not this negro, were the ones to see to this. Moreover, the injury would never have occurred, no matter how fast the train was running, had the switch not been open. This latter was the cause of the injury. The rules relied on especially state that "should there be occasion to do so," or "when their other duties permit," then (and, by inference, then only) must they do what is stated in the rules in the way of keeping the rules in mind as to orders and watchout. Moreover, the whole thing occurred so quickly that the plaintiff would not have had time to notify the engineer had he seen the danger first (which he did not, the first knowledge coming to him by the engineer's putting on the emergency brake). While the company may be liable to third parties, according to the rule besought in the *Mitchell Case,* 83 Miss., 179, by appellant, by failure of fireman or engineer to keep a lookout, this rule would not apply as concerns the claim of the fireman himself for injuries such as arose in the record. There is no need to argue this.

Argued orally by *Edward Mayes,* for appellant, and by *Chalmers Alexander,* for appellee.

Cox, J., delivered the opinion of the court.

There was no error in granting the instruction for plaintiff below, who is appellee here. The doctrine of contributory negligence has no application to a case like this. The undisputed facts of the case show that the collision, which plaintiff jumped

from his engine to avoid, thereby sustaining the injuries for which suit was brought, was occasioned by the engine carrying the north-bound passenger train, on which engine plaintiff was fireman, running into an open switch (No. 1) in the south end of the Cleveland yards and striking an engine attached to a freight train standing on track No. 1. The freight engine had but a short time before been backed in on track No. 1 and attached to the freight train. The freight brakeman, whose duty it was to close the switch, left it open, notwithstanding the north-bound passenger train was then nearly due. The open switch was the direct and proximate cause of the collision, and, in contemplation of law, of the injuries which plaintiff sustained in jumping from his engine in an attempt to avoid the impending danger. Leaving the switch open at the time and under the circumstances shown, with a freight train and engine on the side track and a north-bound passenger train nearly due and rapidly approaching, was an act of gross negligence, a reckless omission of duty, a wanton and criminal disregard of the safety not only of the engineer and fireman of the approaching train, but also of all the passengers as well. In such a case mere contributory negligence on the part of the plaintiff is no defense. *I. C. R. Co.* v. *Brown,* 77 Miss., 338 (29 South. Rep., 949).

The court rightfully instructed the jury to find for plaintiff. The amount of recovery was left to the judgment of the jury, and the sum awarded was not excessive. The verdict and judgment will not be disturbed.

*Affirmed.*