JACKSON ELECTRIC RAILWAY, LIGHT & POWER COMPANY v. WALLACE CARNAHAN.

[48 South. 617.]

1. STREET ELECTRIC RAILWAYS. *Person on Track. Assumption. Danger imminent.*

While the motorman of an electric street railway car has the right to assume that a person on or near the track will remove himself from danger, the law will not permit the indulgence of the assumption beyond the time when the person's danger becomes imminent.

2. SAME. *Duty of motorman.*

Where the motorman on an electric street car, seeing that the danger to a person on the track had become imminent, did not make any effort to prevent injury, he was guilty of gross negligence amounting to wilfulness, and the party damaged thereby may recover of the railway company, although himself guilty of contributory negligence in remaining on the track.

3. SAME. *Instruction. Contributory negligence.*

Where plaintiff was struck by an electric street car as he was walking along the track, the court erred in refusing to charge that the motorman was entitled to presume plaintiff would exercise reasonable care and would not continue to walk along the

track when he knew the car was coming or should have known it was coming, and if plaintiff did not act in a reasonably prudent manner, and the motorman in handling the car did act with ordinary care, and plaintiff's negligence proximately contributed to his injury, he could not recover.

From the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Carnahan, appellee, was plaintiff in the court below; the railway, etc., company, appellant, was defendant there. From a judgment in plaintiff's favor, $955, defendant appealed to the supreme court.

Plaintiff, desiring to take a street car in the suburbs of Jackson, came to the track at a place where there was no regular stop. He saw the car approaching at a rapid rate and signaled for it to stop at the next crossing, about two hundred feet distant; and, there being no sidewalk, he got in the middle of the track, frequently used by pedestrians, and with his back to the approaching car walked on the track toward the stop. After he had gone about twenty feet, he discovered that the car had not slackened its speed, was almost upon him, and he was struck and severely injured by the car before he could get off the track. The plaintiff was an elderly man, and the track straight at the point where he was struck. The railroad company pleaded contributory negligence on the part of the plaintiff.

*Williamson, Wells & Peyton,* for appellant.

The general rule is that the negligence of the plaintiff or of the person injured for whose injury the action is brought, contributing directly or approximately toward the bringing about of the injury bars a recovery for damages. *Railroad Co. v. Houston,* 95 U. S. 697.

Contributory negligence according to the definition of the same approved by this court, is the want of ordinary care to avoid injury from the act of another. One who contributes directly to his own injury by a failure to use due care, which would have saved him from harm resulting from the negligence

of another cannot recover as is declared by this court in the following cases: *Vicksburg, etc., R. Co. v. McGowan,* 62 Miss. 682; *Vicksburg, etc., R. Co. v. Alexander,* 62 Miss. 496.

The doctrine of comparative negligence is not in force in this state. The law imposes upon everyone who is in full possession of his faculties, when approaching a known place of danger, the duty to exercise that degree of prudence, care and caution, which is incumbent upon a person of ordinary reason and intelligence in like circumstances; and a failure in this respect, under ordinary circumstances when it is apparent that the danger might have been avoided if such means had been so used, will bar the plaintiff from a recovery on account of his injury.

The appellee admits in this case, that he was in the outskirts of the city, not at any regular stop but about midway of a long block, and that he saw a rapidly approaching street car run by electricity coming towards him, and that he deliberately placed himself on the track in front of the rapidly approaching car, turned his back to it and walked between the rails without looking back or paying any heed whatever to the car which he knew was rapidly approaching him at the time, and which he knew always ran at this point in the city at a rapid rate of speed.

He needlessly exposed himself to peril, deliberately and voluntarily, and we respectfully submit that he was bound to exercise care in accordance with the condition by which he had voluntarily surrounded himself. It is not the case of one who is walking on the street car track as a part of the street necessarily, or heedlessly, who is unaware of approaching danger. Appellee states in his declaration, and reiterates the statement in his testimony, that he knew the car was approaching very rapidly at a distance of only one hundred and fifty feet at farthest, and that he voluntarily placed himself in front of it and walked down the track without paying the slightest heed to the car.

A very simple mathematical calculation will show that under such circumstances, even though the car should have been running at a most moderate rate of speed, it would necessarily

reach the point where the appellee was in a very few seconds of the time, when he deliberately turned his back to it and walked down between the rails, solely for the reason that it was the most comfortable place to walk. *Chicago, etc., R. Co. v. Roberts,* 44 Ill. App. 180; *Illinois, etc., R. Co. v. Welden,* 52 Ill. 290; *Chicago, etc., R. Co. v. Halsey,* 133 Ill. 248, 254.

Where it appears that an injury would not have happened but for the culpable negligence of the person injured concurring with that of other party, no recovery of damages for the injury can be had. *Woods v. Jones,* 34 La. Ann. 1086; *Railroad Co. v. Aspell,* 28 Pa. St. 147.

Where a person by his own voluntary act brings an injury upon himself he cannot make it the ground of recovering damages against another where he is not impelled thereto by some imminent danger or exasperating circumstance, for which that other is responsible. *Atkins v. Trans. Co.,* 79 Ill. App. 19; *Harris v. Clinto,* 64 Mich. 447.

This is not a case of a traveler using the street which is also occupied by a street railway where the traveler had no reason to anticipate danger except from the presence of the tracks on the street. A street railroad company whose track is laid along a public street and on the surface thereof, is not, as a steam railway company is, entitled to the exclusive use of its tracks, but the public have the right to use that portion of the roadway occupied by the track for the purposes of ordinary travel. But in this regard their right is undoubtedly subordinate to the right of the street railway company in such sense that they are obliged to yield the right of way on the approach of a car, since the car traveling on a fixed track cannot yield the right of way to the public. The person so using the track must obviously be on the alert and use reasonable diligence to discover a car approaching him and get off the track and out of the way of the car. It is his plain duty to listen for signals and to look from time to time, so that when a car is seen, he may turn off and allow it to pass without slackening its ordinary speed. *Thatcher*

*v. Central Tract Co.,* 166 Pa. St. 66; *Adolph v. Central Bank R. Co,* 76 N. Y. 530.

.While a pedestrian has the right in legal strictness to use any part of the highway for the purpose of passage, the roadway, and specially so much of the roadway as he knows is used by the street railway is not his proper place for traversing the street lengthwise. If he assumes without special reason to walk along the street railway track he may not be wantonly or negligently run down by a street car, yet the fact of his making a footway of the track imposes upn him the obligation of special care to the end of keeping out of the way of passing cars, and not impeding their progress and interrupting public travel. That this view of the law is correct is illustrated by the decision of courts of last resort in the following cases:

Where a woman, who with the entire street open to her, walked on a street railway track, knowing that a car was coming behind her, she was adjudged guilty of such contributory negligence as barred her from any recovery. *Gilmartin v. Lackawana Transit Co.,* 186 Pa. St. 193; *McGee v. Consolidated Co.,* 102 Mich. 107, 20 L. R. A. 300; *Smith v. Crescent City R.,* 17 South. 302; *Watson v. Mound City R. Co.,* 133 Mo. 246; *Nugent v. Railroad Co.,* 181 Pa. St. 160; *Hickman v. Electric R. Co.,* 56 N. Y. Supp. 751; *Doller v. Union R. Co,* 39 N Y Y. Supp. 770.

*Powell & Powell,* for appellee.

The instructions given on both sides fully and fairly propound the law of the case, and the instructions refused for the defendant were properly refused as they omitted that provision of the law which holds a party liable notwithstanding the contributory negligence of another if the accident could have been avoided after the danger of that other was seen. *Cottrell v. Southern R'y Co.,* 80 Miss. 610, 32 South. 1. There can be no question from the evidence in this case but that the appellant was guilty of the grossest kind of negligence. The car had

just come down a hill some four hundred feet away, around a curve at a rate of speed from thirty to forty miles an hour and that too in a populous part of the city and where pedestrians were accustomed to use the track as a walk, as they had a right to do, the same being a part of the public streets of the city. When the motorman saw Carnahan, as the jury believed one hundred thirty to one hundred fifty feet away, signal the car and turn his back to it and walk down the track, not looking back, surely he should have gotten his car under control and at least abated the terrific speed at which he was running and if he had done this, the accident would not have happened, as Carnahan in another second would have been out of danger. There can be no doubt that the motorman saw Carnahan when he first got to the track because he says so himself. The only difference between him and Carnahan is as to the distance and on that point the jury has decided in appellee's favor. Now let us concede that Carnahan, was guilty of contributory negligence in getting on and walking down the track in front of the approaching car, still the motorman when he saw him do this should have put his car under control and so seeing he ought to have known from the actions of Carnahan, that he was unaware of his peril, and then to run him down would have been murder if he had killed him. If I see a man is about to shoot a cannon and step in front of it I am guilty of negligence, but if the man behind the gun could stop after he sees my position and does not do so but shoots anyway and kills me he is guilty of murder. If a man is driving along a public highway at a wildly reckless rate of speed and I attempt to cross the road in front of him, and he sees me and could stop and does not, he is guilty of murder if he kills me. Even in the case of a steam railroad, if I lie down and go to sleep between the tracks, and the engineer sees my condition and could stop and does not, he is guilty of murder if he kills me, and yet the steam railroad own their right of way while the street cars only occupy the public highways by suffrance and pay nothing for the privilege. Let us

concede that the street railway may have the right to run their cars on the public streets in a decent and orderly way, and that while doing so they have the exclusive right to the use of that part of the highway used by them, still this does not give it the right to run at such fearful speed as that only the most agile can escape their onrunning cars.    The common people have a right to believe that even if they do get on the railroad track in the public highway the railroad will not run their cars at a dangerous speed and that when they are seen the motorman will ease up and give them some slight showing for their lives. This court has held in the case of *Haisey v. Alabama, etc., R'y Co.,* 78 Miss. 413, 28 South. 941, that though the railroad habitually violates the law as to speed that a man upon their tracks has a right to presume that they have reformed and that at the last minute they will obey the law.    In the case of *Stevens v. Yazoo, etc., R. Co.,* 81 Miss. 195, 32 South. 311, the plaintiff saw the train coming and yet turned his back on the approaching train and walked down the track and was struck just as he was about to get off.    This court held that as the train was running at an unlawful rate of speed that the question of liability was one for the jury, and the case is approved in *Yazoo, etc., R. Co. v. Humphreys,* 83 Miss. 734, 36 South. 154; *Hopson v. Kansas City, etc., R. Co.,* 87 Miss. 797, 40 South. 872.    Surely if the railroad is negligent as a matter of fact the same rule should apply as if such negligence was by declaration of statute.    In a nutshell, our contention is that granting that Carnahan was negligent in getting between the rails in the public highway and walking down the street, still the motorman saw that he had his back turned, saw that he did not look back, knew that the track was used as a sidewalk and that it was rough on either side and he should have put his car under control or at least abated his reckless speed.

Argued orally by *Benj. H. Wells,* for appellant, and *Robert Powell,* for appellee.

FLETCHER, J., delivered the opinion of the court.

It is argued on behalf of appellant that a peremptory instruction should have been given for the defendant on the ground that the plaintiff proximately contributed to the injury by his own negligence and that a recovery should not be permitted to stand on the facts shown. We cannot yield to this contention in the light of plaintiff's testimony, which tended to show that the motorman was guilty of gross negligence, amounting to willfulness and recklessness, of such a character as to warrant recovery in spite of plaintiff's conceded negligence. *Railroad Co. v. Brown,* 77 Miss. 338, 28 South. 949. This view is accurately enough presented in the instructions given for plaintiff, in which the jury was informed that, although plaintiff was himself negligent, still the defendant would be liable if the motorman did not stop his car, provided he could have done so, after it became reasonably apparent that plaintiff was oblivious to his danger. Such conduct is tantamount to reckless negligence. We cannot say that this view was without warrant in the testimony, since the plaintiff insists that he went upon the track when the car was one hundred fifty or two hundred feet away, that he had signaled the car to stop at the next stopping station, and that he was traveling along the path usually employed by pedestrians. It has been well said by the Alabama court in a recent case that, while the motorman of a street car has a right to assume that a person on or near the track will remove himself from danger, yet that the law will not permit him to indulge this assumption beyond the time when the person's danger becomes imminent. *Birmingham R., Light & Power Co. v. Williams* (Ala.) 48 South. 93. Accepting this as an accurate statement of the law, we think it was for the jury to say whether the company was guilty of such reckless or wilful negligence as renders ineffective the mere contributory negligence of the plaintiff.

However, the defendant was entitled to have his theory fairly presented to the jury. We have seen that the Alabama case

above cited holds that the motorman may assume that a pedestrain on the track will not continue in a place of danger, when he knows that a car is approaching. This being true, we think it was error to refuse defendant's second charge, which reads as follows: "The court instructs the jury that the motorman had a right to suppose that Mr. Carnahan would exercise reasonable care for his own safety, and would not continue to walk along the track when he knew the car was coming, or should have known it was coming; and if the jury believe from the evidence in this case that Mr. Carnahan, upon the occasion of his injury, did not act in a reasonable, prudent, and careful manner to protect himself against injury, and that the motorman did act in the handling of the car with ordinary care and prudence, and that the negligence of Mr. Carnahan contributed proximately to his injury, they must find for the defendant." The exact principle therein announced is not covered in any other charge given for the company. It makes a failure to recover depend upon the exercise of ordinary care and prudence by the motorman, and the plaintiff must recover in this case upon the jury's belief that the motorman not only did not use ordinary care, but that he was wilfully and recklessly unmindful of the safety of the plaintiff.

For error in refusing this instruction, and for this reason alone, the judgment is reversed and cause remanded.

WHITFIELD, C. J., delivered the following specially concurring opinion.

I concur in reversing the case for the error in refusing the instruction indicated in the opinion in chief. On the facts as set out in this record, my present inclination would be to hold that the plaintiff was guilty of such reckless negligence as barred his right to recover under the authorities in this state and elsewhere; but I withhold any definite expression on this point until the facts of the case shall have been more fully developed on a new trial. And this I do, first, because the majority of the

court are clearly of the opinion that on this record the case should have been given to the jury, and hence any view of my own would be immaterial; but, secondly, and chiefly, because of the unusual candor and the absolute truthfulness of the testimony of the appellee himself, the Rev. Mr. Carnahan. It is impossible to read his testimony without believing every word of it, so manifest is its sincerity and its candor. Indeed, he measures fully up to the exalted standard prescribed by the Psalmist, that of one who "sweareth to his own hurt and changeth not." I confess testimony of this sort commends itself strongly to the favorable consideration of the court, and this inclines me, since there must be a reversal and a new trial anyway to withhold a definite expression as to whether, on this record, he would be barred of recovery by reckless negligence. I prefer to determine that question, so far as I am concerned, when fuller testimony on another trial shall have been had.